STEVEN P. SHAW (SBN 242593)
sshaw@sloansakai.com
SHERRY LIN (SBN 307335)
slin@sloansakai.com
SLOAN SAKAI YEUNG & WONG LLP
555 Capitol Mall, Suite 600
Sacramento, California 95814
Telephone: (916) 258-8800
Facsimile:  (916) 258-8801

Attorneys for Defendants
CALIFORNIA FAIR SERVICES AUTHORITY and
KEVIN WRIGHT

and

MATTHEW J. MATERN (SBN 159798)
JOSHUA D. BOXER (SBN 226712)
MATERN LAW GROUP, PC
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

COREY B. BENNETT (SBN 267816)
MATERN LAW GROUP, PC
One Market Plaza, Suite 3676
San Francisco, CA 94105
Telephone: (415) 990-8390
Facsimile: (310) 531-1901

Attorneys for Plaintiff
KRISTINE KING

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINE KING, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA FAIR SERVICES AUTHORITY, a public entity; KEVIN WRIGHT, an individual; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. 2:18-cv-02990-JAM-AC<br><br>**JOINT STATUS REPORT AND RULE 26(f) DISCOVERY PLAN**<br><br>Complaint: 9/18/2018<br>First Amended Complaint: 10/18/2018<br>Notice of Removal filed:  11/15/2018<br><br>Trial Date:  Not Yet Set |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Order Requiring Joint Status Report, Defendants California Fair Services Authority ("CFSA") and Kevin Wright

-1-

JOINT STATUS REPORT - Case No. 2:18-cv-02990-JAM-AC

("Defendants") and Plaintiff Kristine King ("Plaintiff") hereby submit this Joint Status Report. Counsel for Defendants and Plaintiff (collectively, the "parties") have conferred via email and telephone regarding the contents of this Joint Status Report.

### a. The Nature of the Case:

Plaintiff King alleges that during her employment at California Fair Services Authority as an Information Systems Specialist, she was subjected to sexual harassment by her supervisor. Plaintiff's First Amended Complaint against Defendants includes claims for: 1) sexual harassment in violation of Cal. Gov't Code § 12940(j) (FEHA), 2) retaliation for opposing sexual harassment in violation of Cal. Gov't Code § 12940(h); 3) failure to prevent sexual harassment and/or retaliation in violation of Cal. Gov't Code § 12940(k), 4) intentional infliction of emotional Distress, and 5) failure to pay overtime wages in violation of 29 U.S.C. § 207. Defendants deny that Plaintiff was subjected to any unlawful harassment, discrimination, or retaliation. Defendants aver that Plaintiff was properly compensated for all hours worked, and that CFSA responded promptly and appropriately to any complaint from Plaintiff.

### b. Progress in the Service of Process:

Defendants CFSA and Kevin Wright were served with the initial Complaint on September 18, 2018. Defendants were served with the First Amended Complaint on October 18, 2018. Defendants filed a Notice of Removal to the U.S. District Court for the Eastern District of California on November 15, 2018. Defendants thereafter filed an Answer to the First Amended Complaint on November 26, 2018. All parties have been served.

### c. Possible Joinder of Additional Parties:

None anticipated at this time.

### d. Any Expected or Desired Amendment of Pleadings:

None anticipated at this time.

### e. Jurisdiction and Venue:

In Plaintiff's Complaint and First Amended Complaint, Plaintiff states that jurisdiction and venue are proper in the Superior Court for the County of Sacramento because Plaintiff and Defendants are residents of and/or regularly conduct business in the State of California, and Plaintiff performed work for Defendants in the County of Sacramento, and the alleged actions and omissions of Defendants occurred

in the County of Sacramento.

Plaintiff's First Amended Complaint was filed in the Superior Court for the County of Sacramento on October 18, 2018, adding a new cause of action alleging failure to pay overtime under the Fair Labor Standards Act ("FLSA"). On November 15, 2018, Defendants filed a Notice of Removal to this Court.

In Defendants' Notice of Removal, Defendants state that this Court has original jurisdiction under 28 U.S.C. § 1331, and this action may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(a), because it states a claim that arises under the FLSA, which is federal law. Federal question jurisdiction is apparent from the face of the First Amended Complaint. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**f.     Anticipated Motions and the Scheduling of Motions:**

Defendants reserve the right to file a motion for summary judgment and/or adjudication. The proposed date by which all non-discovery motions shall be filed is December 13, 2019.

**g.     Anticipated Discovery and the Scheduling of Discovery, including:**

**(1)     what changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;**

No anticipated changes. Rule 26(a)(1) disclosures will be made on January 23, 2019.

**(2)     the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues;**

The parties will likely conduct discovery regarding the alleged occurrences of harassment and retaliation, and failure to pay overtime wages, as stated in the First Amended Complaint, and the rationale for the employment actions taken by Defendants. The parties do not anticipate a need to conduct discovery in phases. The parties propose that non-expert discovery be completed by October 31, 2019.

The parties anticipate discovery of electronically stored information ("ESI") in the form of emails exchanged between the parties. The parties will produce ESI pursuant to Rule 34(b)(2)(E). If a party requests ESI in a form or forms different from the form in which it is ordinarily maintained, the parties

will confer to determine whether production in the requested form is reasonable. The parties do not anticipate discovery of ESI from sources that are not "reasonably accessible" within the meaning of Rule 26(b)(2)(B).

**(3)** **what changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed;**

No anticipated changes or limitations.

**(4)** **the timing of the disclosure of expert witnesses and information required by Rule 26(a)(2).**

The parties propose to make their expert disclosures on or before January 31, 2020. Rebuttal expert disclosures will be made on or before February 28, 2020. Rebuttal expert reports will be due March 27, 2020.

**h.** **Future Proceedings, Including Setting Appropriate Cut-Off Dates for Discovery, Law and Motion, and the Scheduling of Pretrial and Trial:**

The proposed discovery cut-off date is October 31, 2019. The proposed date by which all non-discovery motions shall be filed is December 13, 2019.

The proposed final pretrial conference date is June 1, 2020. The proposed trial date is August 10, 2020.

**i.** **Appropriateness of Special Procedures:**

The parties cannot agree to try the matter before a magistrate judge. There is no need for a special master.

**j.** **Estimate of Trial Time:**

The parties estimate that this case will require 7 trial days. Plaintiff made a jury demand in her Complaint.

**k.** **Modification of Standard Pretrial Procedures:**

None anticipated at this time.

**l.** **Whether the Case is Related to Any Other Case:**

Not applicable.

**m.** **Whether a Settlement Conference Should be Scheduled:**

The parties' proposed date for a settlement conference is on or about November 16, 2019, after

-4-

JOINT STATUS REPORT - Case No. 2:18-cv-02990-JAM-AC

discovery is complete.

**n.     Other Matters:**

None at this time.

Dated: January 14, 2019          SLOAN SAKAI YEUNG & WONG LLP

                                 _____
                                 Steven P. Shaw
                                 Sherry Lin

                                 Attorneys for Defendants California Fair Services
                                 Authority and Kevin Wright

Dated: January 14, 2019          MATERN LAW GROUP, PC


                                 /s/ Corey B. Bennett
                                 Matthew J. Matern
                                 Joshua D. Boxer
                                 Corey B. Bennett

                                 Attorneys for Plaintiff Kristine King


I hereby attest that I have obtained concurrence for the filing of this document for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.


Dated: January 14, 2019          _____
                                 Steven P. Shaw

-5-

JOINT STATUS REPORT - Case No. 2:18-cv-02990-JAM-AC